Boyce and another v. Bank of Commerce.[1]

*(Circuit Court, E. D. Missouri.* November 1, 1884.)

Consignor and Consignee—Pledge
  Where a consignor draws a sight draft upon his consignee before the latter has sold the goods consigned, a pledge by the consignee of the consignment, to secure a loan with which to meet the draft is valid.

At Law.
*Wm. S. Bodley* and *J. R. McMahan*, for plaintiffs.
*Phillips & Stewart*, for defendant.

Treat, J. This is a suit as for conversion by defendant of plaintiffs' property. The facts are, substantially, that there had been business relations between James Boyce, one of the plaintiffs, and Catchings & Co. Thereafter the firm of James Boyce & Co. was established. In the course of their dealings shipments were made by the copartnership (plaintiffs) to said Catchings & Co., and sight drafts drawn upon them. Catchings & Co., not having in their hands funds belonging to the plaintiffs to meet said drafts, arranged with the defendant to secure funds sufficient therefor, pledging as collateral consigned goods in their hands.

The controlling question is as to said pledge, collateral to the obligations on which the defendant advanced the amount of the drafts. The doctrine that a factor cannot pledge for his private debts goods consigned to him, is well established. But when, in the course of dealings between consignor and consignee, drafts are drawn, as in this case, at sight, no funds being in the hands of the consignee to meet the same, and he causes, in the ordinary course of commercial business, said drafts to be protected by pledge of the consigned goods, is such pledge invalid? Ordinarily, the bank discounting is not supposed to know the state of accounts between drawer and drawee, therefore may require collaterals. If those collaterals consist of property directly involved in one accounting between consignor and consignee, the discounting bank ought not to be held by the final determination of the accounts; yet, if it knew that there were ample funds in the hands of the consignee and drawee to meet the sight drafts, it may be that said bank would not be entitled to receive and hold the collaterals as against the consignor.

But the evidence discloses an entirely different condition of accounts between consignor and consignee, and the bank itself knew nothing thereof. The case, simply stated, is this: The plaintiffs drew sight drafts against their consignee, the consigned property not having been sold in the intermediate time. To protect said drafts the consignees negotiated therefor with the defendant bank. That was a valid pledge. The tender by plaintiffs to the bank of costs and

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

charges, with the demand for the collaterals, was not sufficient, for the collateral was held lawfully for the amount of advances made to the plaintiffs. The refusal to surrender the goods shipped, without a tender for the full amount taxed, was rightful. Hence there was no conversion entitling the plaintiff to recover.

Judgment, therefore, is for the defendant.